James ALLEN et al., Plaintiffs,

v.

**TRIBUNE NEW YORK NEWSPAPER HOLDINGS, LLC d/b/a Am New York et al., Defendants.**

**No. 07 Civ. 4619(JSR).**

United States District Court, S.D. New York.

Nov. 15, 2007.

Charles Edward Joseph, Daniel Maimon Kirschenbaum, Joseph and Herzfeld, New York, NY, for Plaintiffs.

Christie Del Rey–Cone, Edward Cerasia, II, Morgan, Lewis & Bockius, L.L.P., New York, NY, for Defendants.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

Defendants Tribune New York Newspaper Holdings, LLC and Tribune Company (the "Tribune defendants") move for attorneys' fees and costs pursuant to Fed.R.Civ.P. 16(f) and "the Court's inherent authority." For the reasons set forth below, the Court denies the motion.

The Tribune defendants base their motion on the fact that on August 13, 2007, several hours after the Court held an initial status conference in this case, plaintiffs voluntarily dismissed the complaint. The thrust of the Tribune defendants' argument is that the timing of the voluntary dismissal was the result either of 1) poor preparation by plaintiffs' counsel prior to the conference or 2) bad-faith judge-shopping, and thus in either case they are entitled to fees and costs.

The Court agrees that the actions of plaintiffs' counsel in voluntarily dismissing this complaint immediately following the initial conference were problematic. The explanation proffered by plaintiffs' counsel cannot bear scrutiny. Specifically, plaintiffs' counsel explained at oral argument on the instant matter that after the complaint was filed counsel discovered that the amount of damages available under the Fair Labor Standards Act (on which federal jurisdiction here depends) was small in comparison to the damages available under the New York Labor Law (on which the state claims depend). *See* transcript, 10/2/07. But the instant lawsuit contained both the federal and the state claims. Moreover, when pressed by the Court as to exactly what was unclear concerning damages before the complaint was filed, given that the relevant minimum wages were known, plaintiffs' counsel could offer only that, since the hours each plaintiff worked were unknown at the time of filing, the damages of the class as a whole were not known. *See id.* But the ratio of federal damages to state damages would have been clear at the outset of the case and the relatively small amount of damages available under federal law is not an adequate reason to forego pursuing those damages altogether, which is the effect of dismissing the federal lawsuit and pursuing the state claims only in the state court.

However, though the Court is highly skeptical of plaintiffs' counsel's conduct and of the explanation given, the Tribune defendants have failed to make a persuasive argument for sanctions. Rule 16(f) provides, *inter alia*, that a court may impose a sanction on a party or the party's attorney if he or she "is substantially unprepared to participate in the [pretrial] conference[ ] or ... fails to participate in good faith." Fed.R.Civ.P. 16(f). The Tribune defendants do not complain, however, of anything that actually occurred at the pretrial conference. *See* transcript, 10/2/07. Rather, the Tribune defendants argue that plaintiffs' counsel was "substantially unprepared" for the pretrial conference or "fail[ed] to participate in good faith" in the conference *because* counsel should have realized at some point before the conference was held that the case should be voluntarily dismissed.

This is not the type of conduct that Rule 16(f) is meant to address. The Tribune defendants were unable to cite any case in which Rule 16(f) was used to impose sanctions for failure to dismiss prior to the initial conference, and the Court is not aware of any such case. The Tribune defendants' complaint is not about what took place at the conference, but rather is about the fact that plaintiffs' counsel filed this case in federal court in the first instance or at least did not voluntarily dismiss the case earlier. Those facts do not warrant sanctions under Rule 16(f).

Alternatively, the Tribune defendants have asked that sanctions be imposed pursuant to the Court's inherent power. The Court declines to do so. It is clear that "[a] court must ... exercise caution in invoking its inherent power.... [W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power" to sanction that conduct. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). It is only when, "in the informed discretion of the court, neither [an applicable] statute nor the Rules are up to the task," that a court "may safely rely on its inherent power." *Id.*

Here, the conduct the Tribune defendants complain of-waiting an unreasonable length of time to voluntarily dismiss a complaint which, on plaintiffs' own explanation, should not have been brought in federal court to begin with—bears a strong resemblance to conduct that might be subject to sanctions as vexatious litigation under 28 U.S.C. § 1927 (permitting sanctions for multiplying proceedings "unreasonably and vexatiously"). Counsel for the Tribune defendants admitted at oral argument that such a theory had been rejected because counsel was unsure that all the elements could be proved. *See* transcript, 10/2/07. Given this admission, it is clear that if the statute does not cover the conduct at issue it is only because the conduct does not rise to the level required for sanctions under a statute that is otherwise on point. It would not be appropriate in such circumstances for the Court to use its "inherent power" to avoid the statutory requirements.

Accordingly, the motion of the Tribune defendants' for attorneys' and costs is denied. The Clerk of the Court is directed to close document number 23 in the Court's docket.

SO ORDERED.